IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE WATSON,
    Plaintiff
    v.    :  Case No. 3:08-cv-191-KRG-KAP
MICHAEL CATALANO, JEFFREY BEARD,
and RICHARD ELLERS,
    Defendants

## Report and Recommendation

### Recommendation

Plaintiff, incarcerated at S.C.I. Laurel Highlands, filed a proposed class action complaint in state court alleging that the defendants violated federal law in the way they deliver medical care to inmates. Defendants removed the complaint to federal court and after plaintiff amended the complaint, docket no. 4, defendants moved to dismiss it, docket no. 5, docket no. 7. I recommend that the motions to dismiss be granted. Docket no. 2 is denied as moot.

### Report

Plaintiff is unhappy about the medical care he is receiving at S.C.I. Laurel Highlands, a prison tailored specifically to provide medical care to inmates with heightened medical needs in the custody of the Pennsylvania Department of Corrections. Plaintiff proposes that his dissatisfaction with the care he has received for a knee injury (an MRI in June 2004, orthopedic consult in August 2004, but no physical therapy), his left ankle cellulitis (an MRI in April 2007, but no prescription antibiotic), and his polyneuropathy (an EMG in October 2007, no "proper treatment") gives rise to a class action suit claiming that

defendants have conspired to operate and have operated a racketeering organization seeking to deprive inmates of honest medical services, in violation of 18 U.S.C.§ 1962(c) and (d). Plaintiff seems to be using as a guide the failed complaint described in Maio v. Aetna, Inc., 221 F.3d 472 (3d Cir.2000). Plaintiff wants the court to order Pennsylvania Department of Corrections and its contract health care providers to reevaluate every denial of care (defined as a failure to provide an inmate some unspecified level of care greater than that actually provided) for the last five years and either provide some unspecified "plan of treatment" and care based on such a plan, or explain in more detail why a decision was made not to provide that unspecified plan of unspecified care. As for injury, plaintiff alleges that he has not received the treatment, specified or not, that he wants and that in April 2004 he paid a copayment for medical services received at that time. It is not clear how the payment of a copayment for services received constitutes injury, but perhaps plaintiff is implicitly suggesting his copayments would have been lower if defendant's health care providers were compelled to spend more time documenting their decisions.

It is an old B-movie plot device for the protagonists to announce the bright idea "hey kids, let's put on a show to save grandpa's farm," and simply because plaintiff's complaint echoes that with its "hey kids, let's file a class action suit and have

a court take over the provision of medical services by the Pennsylvania Department of Corrections" naivete is no reason to reject it[1]. But the amended complaint runs afoul of Fed.R.Civ.P. 8, Fed.R.Civ.P. 9, and Fed.R.Civ.P. 23, and fails to state any claim within this court's jurisdiction.

The predicate criminal acts on which the racketeering charge is founded are alleged to be mail fraud. Plaintiff fails to provide any specific facts constituting any alleged fraud as required by Fed.R.Civ.P. 9(b). Merely alleging that fraud has happened is insufficient.

Alleging that fraud is widespread does not help to meet Rule 9, nor does it help plaintiff in his goal of pursuing this matter as a class action under Fed.R.Civ.P. 23. I will not cite myself or bother to discuss the opinions by other judges holding that a pro se non-lawyer inmate is by definition inadequate as a class representative. Plaintiff cannot provide legal services in federal court to any one of his fellow inmates, adequate or otherwise, even if the fellow inmate consented to it. A fortiori, plaintiff cannot provide adequate legal representation to an entire class (which may never be aware of the claims raised in the matter) of fellow inmates. Plaintiff as a matter of law cannot satisfy the

---

1. The impossibility of any court determining the appropriate "plan of treatment" and its cost in the case of each inmate in the custody of the Pennsylvania Department of Corrections is, however, ample reason to reject the complaint. See Maio, 221 F.3d at 499-500.

3

elements of Rule 23(a)(4). Plaintiff's next step no doubt would be to move for counsel to be appointed to cure that problem, but let me anticipate this sort of bootstrapping by observing that finding counsel willing to accept an appointment under <u>Parham v. Johnson</u>, 126 F.3d 454, 460 (3d Cir.1997), is difficult enough in the single issue single plaintiff case, and even though a Court of Appeals may be able to call on a large law firm with a regular appellate practice to give its junior members experience by arguing a case already shaped and packaged for appeal, <u>see</u> <u>Parham</u>, 126 F.3d at 455 n.1., finding counsel able and willing to front the cost of developing a class action (and vetting counsel for adequacy since the court would be required to ensure that appointed counsel was adequate under Rule 23(a)) would require arm twisting enough to require a district court to depart from the role of neutral tribunal to being an advocate for the plaintiff[2].

As for Rule 23(b), the specificity needed for any claims plaintiff or any other inmate might attempt to assert regarding the

---

2. The universe of class action firms is a small one and could have been accessed by plaintiff by writing to the firms listed as counsel in the class action opinions he cites in his brief, docket no. 10. If plaintiff has failed to contact them, there is no reason for the court to act as his paralegal. If plaintiff has contacted them and been turned down despite being able to share far more information with prospective counsel than he would put in a pleading to the court, that indicates enough about the merit of the plaintiff's claims. Appointment of counsel is properly to assist the court in getting to the truth of a claim with palpable merit, not to assist plaintiff in developing a claim.

4

adequacy of the medical treatment prevents plaintiff from credibly asserting that anyone subsection of Rule 23(b)(1), (2), or (3) is satisfied. Most certainly there are no allegations that would allow a finding that common questions of fact predominate or that there are meaningful issues common to the proposed class. Plaintiff's amended complaint, to the extent that it attempts to satisfy Rule 23(b) at all, relies on exactly two allegations common to the putative class: defendants have 1) used the United States postal system; and 2) not provided adequate medical care. The first allegation of fact is no doubt generally applicable to the putative class, but is irrelevant to any subsection of Rule 23(b), while the second allegation, if it is an allegation of fact, is at a level of abstraction so high that to accept it as presenting an issue common to the class would be to eliminate Rule 23(b) entirely and probably Rule 8(a) as well.

Turning then to plaintiff's individual claims, plaintiff alleges he is not receiving as complete medical care as he would like because the defendants don't want to spend money to provide it. Usually this is an ancillary argument attached to a specific claim of deliberate indifference, but in plaintiff's amended complaint it is very much the sum of the complaint.

Fed.R.Civ.P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently discussed

in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), that does not allow mere content-free recitation of the legal elements of a cause of action, <u>id.</u> at 1965: a complaint must plead "enough **facts** to state a claim to relief that is plausible on its face." <u>Id</u>. at 1974. (my emphasis). As the Court of Appeals for the Third Circuit explained:

> Put another way, in light of <u>Twombly</u>, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1965 n. 3.

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir.2008).

<u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), established that prison inmates have a right, derived from the Eighth Amendment, that prison officials not be deliberately indifferent to providing care for their serious medical needs. <u>Estelle v. Gamble</u> gives examples of allegations of fact which are sufficient to provide fair notice of a claim that defendants showed deliberate indifference in providing or refusing medical care: allegations that a prison doctor threw away an inmate's ear and stitched the stump rather than treat the prisoner after an altercation; that a prison doctor injected an inmate with penicillin knowing that he was allergic; and that a prison doctor required prisoner to stand after leg surgery despite the contrary instructions of the operating surgeon. Plaintiff here tells us that defendants should have provided more to him, but fails to allege any facts allowing the inference that

6

the care was necessary, much less why defendants knew that such care was necessary.

Plaintiff pins all his hopes on the allegation of fact that defendants in some cases, none of which apparently relate to any injury to plaintiff, do not explain their treatment decisions, or rather their decision that a particular inmate does not need treatment. Plaintiff asserts that the lack of explanation is motivated by a desire to save money. Plaintiff clearly believes that proving defendant's desire to spend less money is equivalent to showing deliberate indifference. As I have explained in other cases, this supposition is no more valid in Estelle v. Gamble claims than it is in other Eighth Amendment contexts. Construction, labor, and meal costs far outweigh medical care costs, and also give prison officials an incentive to save money by reducing per inmate living space, the amount of time inmates spend outside their cells, and meal costs. Yet in conditions of confinement cases presenting overcrowding, discipline, and nutrition claims, courts look only at the conditions actually existing and their impact on the inmate plaintiff, not at their costs or at the state's alleged motives. A prison cell of acceptable dimensions is not rendered unacceptable because it could have been larger if the state had not wanted to save money. Prison living conditions or meals are not unacceptable because the state could have provided elaborate recreation facilities and gourmet

dinners if prison officials had wanted to spend the money. Similarly, a medical treatment decision must be judged on its merits whether it falls below the threshold of care for serious medical needs, not whether more could be done if the defendants had spent more money. (The only way that cost considerations enter into the legal framework of Estelle v. Gamble claims is that county prisons which house inmates for shorter periods of time may constitutionally rely on a desire to avoid costs to **deny** some classes of medical care. See Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir.1987), cert. denied, 485 U.S. 991 (1988)).

And that judgment on the merits must be made in accordance with the standard set by the Supreme Court for the deliberate indifference element of an Estelle v. Gamble claim:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff fails to give one alleged example of a serious medical need a defendant knew about (because should have known is not sufficient under Farmer) and disregarded, much less how he was injured as a result. Plaintiff does allege that the defendants' failure to spend money on unspecified medical care for plaintiff now will result in plaintiff having to spend his own money when he gets out of prison,

docket no. 10 at 5, but this is not an excessive risk to an inmate's **health** or **safety**, see id. The plaintiff's amended complaint states no Eighth Amendment claim and should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: September 17, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

> Eugene Watson AM-7601
> S.C.I. Laurel Highlands
> P.O. Box 631
> 5706 Glades Pike
> Somerset, PA 15501-0631